1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   KARIN BJORK,                           No. 2:14-cv-01983-MCE-EFB

12              Plaintiff/Petitioner,

13        v.

14   COUNTY OF PLACER DISTRICT              **MEMORANDUM AND ORDER**
     ATTORNEY'S OFFICE, and DOES 1
15   through 10, inclusive,

16        Defendant/Real Party in Interest.

17   ─────────────────────────────

18
     PLACER COUNTY CIVIL SERVICE
19   COMMISSION,

20              Respondent.

21   ─────────────────────────────

22        In this action, Respondent Placer County Civil Service Commission ("the

23   Commission") moves to dismiss the state claim filed against it by Plaintiff/Petitioner Karin

24   Bjork ("Plaintiff") on grounds that this Court lacks subject matter jurisdiction over said

25   claim  pursuant to Federal Rules of Civil Procedure 12(b)(1).  ECF No. 11.  For the

26   following reasons, the Commission's motion is GRANTED. [1]

27   ───────────────────────
            [1] Because oral argument would not have been of material assistance, the Court ordered this
28   matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

                                              1

**BACKGROUND**[2]

Plaintiff is a female attorney who worked with the Placer County District Attorney's Office ("County") for over 21 years.  For 11 years, Plaintiff served as a Supervising District Attorney.   On October 25, 2012, Plaintiff was demoted, allegedly in retaliation for refusing to participate in the discrimination of a male subordinate attorney who was over 40 years old.  Thereafter, Plaintiff claims that she complained, including via an internal complaint to County, of discrimination and retaliation against herself and other women.

On August 5, 2013, Plaintiff filed her first civil action against County, alleging gender discrimination and retaliation.  Bjork v. Cnty. of Placer Dist. Attorney's Office, 2:13-cv-01616-MCE-EFB ("Bjork I").  County continued to engage in other acts of discrimination, and while her initial action was pending, on January 28, 2014, County terminated Petitioner's employment.  Approximately a week later, Plaintiff appealed her termination to the Commission, and an evidentiary hearing was conducted over five days between April 29 and May 8, 2014.

Plaintiff did not present her claims of retaliation and discrimination to the Commission, nor did she present any evidence connected to those allegations.  Indeed, Plaintiff expressly stipulated at the outset of the hearing that the merits of the federal lawsuit, with its claims of retaliation and discrimination, were beyond the Commission hearing's scope.  Moreover, Plaintiff, in her opposition to the present motion, concedes that she presented no evidence of any alleged discrimination and retaliation at the hearing.  Pl.'s Opp., 3:25-27.  On May 28, 2014, the Commission issued its decision, reducing her discipline from termination to a demotion and a 120-day suspension.

On August 26, 2014, Plaintiff filed a second case for gender discrimination and retaliation against County.  Bjork v. Cnty. of Placer Dist. Attorney's Office, 2:14-CV-01983-MCE-EFB ("Bjork II").  Shortly thereafter, she filed her operative First Amended

---

[2] The following recitation of facts is taken, at times verbatim, from Petitioners' Opposition to Commission's Motion to Dismiss (ECF No. 14) and her FAC (ECF No. 7).

1  Complaint ("FAC") and added a state writ of mandamus claim directed to the

2  Commission, seeking to overturn its decision.  Plaintiff contends jurisdiction over the

3  state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[3]  On

4  September 30, 2014, the Commission filed a Motion to Dismiss based on lack of subject

5  matter jurisdiction.[4]  ECF No. 12.  Plaintiff filed a timely Opposition.  ECF No. 14.

**STANDARD**

9  Pursuant to Federal Rule of Civil Procedure[5] 12(b)(1), a motion to dismiss may be

10  made on the basis of a "lack of subject-matter jurisdiction."  A Rule 12(b)(1) motion tests

11  "whether the plaintiff has a right to be in the particular court...."  Trs. of Screen Actors

12  Guild–Producers Pension & Health Plans v. NYCA, Inc., 572 F.3d 771, 775 (9th Cir.

13  2009) (internal quotation marks and citations omitted).  Federal courts are limited in

14  jurisdiction, and it is presumed that a case lies outside the jurisdiction of the court unless

15  the plaintiff proves otherwise.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

16  377 (1994); Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

**ANALYSIS**

21  In her Fourth Claim for Relief, Plaintiff seeks a writ of mandamus, pursuant to

22  section 1094.5 of the California Code of Civil Procedure, ordering the Commission to

23  alter or vacate its disciplinary decision in the hearing on Plaintiff's appeal of her

---

[3]  The Court ordered Bjork I and II to be related on grounds that the two cases share common questions of law and fact.  ECF No. 9.

[4]  Additionally, Plaintiff has filed a Motion to Consolidate this action with Bjork I (ECF No. 13), and Defendant County has filed a separate Motion to Dismiss (ECF No. 11).  Those motions will be decided by a separate order.

[5]  All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1  termination.  FAC at ¶ 52-60.  The Commission moves to dismiss Plaintiff's state writ of

2  mandamus claim for lack of subject matter jurisdiction.  Plaintiff argues that the Court

3  has supplemental jurisdiction over the state claim because the claim is supplemental to

4  her federal discrimination claim brought under Title VII, 42 U.S.C. § 2000e.  The Court

5  disagrees and finds that the state claim is wholly independent of Petitioner's federal

6  claim against County.

7         Federal district courts have original jurisdiction over "all civil actions arising under

8  the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case,

9  the Court has original jurisdiction over the Title VII gender discrimination claim because it

10  arises out of federal law, 42 U.S.C. § 2000e.  If the Court has original jurisdiction over a

11  case, it also has supplemental jurisdiction "over all other claims that are so related to

12  claims in the action within such original jurisdiction that they form part of the same case

13  or controversy."  28 U.S.C. § 1367(a).  A single case or controversy exists if the state

14  and federal claims "derive from a common nucleus of operative fact" such that the

15  petitioner "would ordinarily be expected to try them all in one judicial proceeding."

16  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

17         In her Opposition, Plaintiff argues that the Court has supplemental jurisdiction

18  over her writ of mandamus claim because it is part of the same case or controversy as

19  her federal discrimination claim.  That argument is unpersuasive.  Plaintiff herself

20  concedes that she did not discuss or present evidence on gender discrimination at the

21  hearing before the Commission.  Therefore, even though her termination is a common

22  event between the allegedly unlawful hearing and the discrimination, all the other facts of

23  the two claims diverge significantly.  Specifically, Plaintiff alleges that the Commission

24  failed to rule in her favor at the evidentiary hearing appealing her termination and that

25  the Commission erroneously admitted prejudicial evidence at the hearing.  FAC at ¶¶ 56-

26  58.  In contrast, Plaintiff's discrimination claim turns on her proving there is a "pattern

27  and practice of gender discrimination" by County, and that Plaintiff suffered adverse

28  acts, including her termination, as a result of that discrimination.  There are little to no

1  facts that overlap between these two claims.  Indeed, Plaintiff alleges no facts that the

2  Commission discriminated against her based on her gender, and, in fact, Plaintiff herself

3  made the decision not to raise gender discrimination as an issue at the evidentiary

4  hearing before the Commission.  True, County's decision to terminate Plaintiff's

5  employment triggered her appeal of that decision and the subsequent evidentiary

6  hearing by the Commission.  However, any overlap in the facts ends there, and the facts

7  surrounding the evidentiary hearing stand independently of any allegations of gender

8  discrimination.  Moreover, the two matters are procedurally distinct since the state claim

9  would be decided by a judge, while Plaintiff seeks a jury trial for the gender

10  discrimination and retaliation claims against County.  Based on these substantial

11  differences in the two cases, the state and federal claims do not derive from the same

12  case or controversy.  As a result, the Court does not have supplemental jurisdiction over

13  Plaintiff's state mandamus claim directed at the Commission.  See 28 U.S.C. § 1367(a).

14       In addition, even if the claims do arise from a common case or controversy, the

15  Court, in its discretion, may decline to exercise jurisdiction over a state claim.  A federal

16  district court may decline to exercise supplemental jurisdiction in four situations

17  enumerated in 28 U.S.C. § 1367(c):

18  (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim [ ]
19  over which the district court has original jurisdiction, (3) the
    district court has dismissed all claims over which it has
20  original jurisdiction, or (4) in exceptional circumstances, there
    are other compelling reasons for declining jurisdiction.
21

22       "[Supplemental] jurisdiction is a doctrine of discretion, not of Petitioner's right."

23  Gibbs, 383 U.S. at 726.  Before exercising supplemental jurisdiction, the Court should

24  weigh considerations of "economy, convenience, fairness and comity."  Acri v. Varian

25  Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks

26  omitted).

27  ///

28  ///

5

1    Here, Plaintiff's state claim involves mandamus proceedings "that are uniquely in

2    the interest and domain of state courts."  Clemes v. Del Norte County Unified Sch. Dist.,

3    843 F. Supp. 583, 596 (N.D. Cal. 1994), overruled on other grounds by Maynard v. City

4    of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994).  Nevertheless, Plaintiff argues that the

5    Court should retain the state law claim because it does not raise any unique issues of

6    state law.  Once again, the Court disagrees.  Because state mandamus claims raise

7    "serious considerations regarding comity and federalism," federal courts appropriately

8    exercise their discretion in declining to hear state mandamus claims.  Fresno Unified

9    Sch. Dist., 980 F. Supp. 2d, 1160, 1184-85 ("Where a state law claim is inextricably tied

10    to a request for a writ of mandamus, a federal district court appropriately declines

11    supplemental jurisdiction.")  (internal citations omitted); see City Limits of N. Nevada, Inc.

12    v. Cnty. of Sacramento, No. 2:06-cv-1244-GEB-GGH, 2006 WL 2868950, at *3 (E.D.

13    Cal. Oct. 6, 2006); Tomlinson v. Cnty. of Monterey, No. C-07-00990 RMW, 2007 WL

14    2298038, at *2 (N.D. Cal. Aug. 8, 2007)).  Plaintiff has failed to indicate why

15    supplemental jurisdiction is warranted in this particular case, and grounds exist under

16    28 U.S.C. § 1367(c)(1) to decline jurisdiction over Plaintiff's mandamus action.

17    Accordingly, Plaintiff's mandamus claim is DISMISSED without prejudice so that plaintiff

18    may renew the claim in state court.  See, e.g., Gibbs, 383 U.S. at 726-27 (holding that if

19    supplemental jurisdiction is not exercised over a state claim, then the state claims may

20    be dismissed without prejudice and left for resolution to state tribunals).

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss  filed on behalf of Respondent Placer County Civil Service Commission (ECF No. 12) is GRANTED without prejudice. The Fourth Claim against the Commission, as set forth in Plaintiff's First Amended Complaint, is accordingly DISMISSED.

IT IS SO ORDERED.

Dated:  April 23, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT