1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    KARIN BJORK,                          No. 2:13-cv-01616-MCE-EFB

12            Plaintiff,

13                    v.

14    COUNTY OF PLACER THE DISTRICT          **ORDER OF CONSOLIDATION**
      ATTORNEY'S OFFICE, and DOES 1
15    through 10, inclusive,

16            Defendant.

17    _____       No. 2:14-cv-01983-MCE-EFB

18    KARIN BJORK,

              Plaintiff/Petitioner,
19
                      v.
20
      COUNTY OF PLACER THE DISTRICT
21    ATTORNEY'S OFFICE, and DOES 1
      through 10, inclusive,
22
              Defendant/Real Party in Interest.
23    _____

24

25    PLACER COUNTY CIVIL SERVICE
      COMMISSION,
26
              Respondent.
27
      _____
28

                                          1

1      Plaintiff Karin Bjork ("Plaintiff") initiated two separate actions in this Court against

2    Defendant County of Placer District Attorney's Office ("County") and Defendant Placer

3    County Civil Service Commission ("the Commission") (collectively "Defendants").  On

4    August 5, 2013, Plaintiff filed her first civil action against Defendant County, alleging

5    gender discrimination and retaliation arising from her alleged demotion and other

6    adverse employment acts taken against her as of August 5, 2013.  Bjork v. Cnty. of

7    Placer the Dist. Attorney's Office, 2:13-cv-01616-MCE-EFB ("Bjork I").  Then, on

8    August 26, 2014, Plaintiff filed a second case for gender discrimination and retaliation

9    against County as a result of subsequent employment actions taken against her that

10    culminated, according to Plaintiff, with her constructive discharge on July 15, 2014.

11    Bjork v. Cnty. of Placer the Dist. Attorney's Office, 2:14-cv-01983-MCE-EFB ("Bjork II").

12       On September 9, 2014, Plaintiff filed her operative First Amended Complaint in

13    Bjork II, adding a state writ of mandate claim directed at Defendant Commission, alleging

14    jurisdiction based on pendent jurisdiction pursuant to 28 U.S.C. § 1367.  Both Bjork I and

15    II arise out of alleged unlawful adverse actions taken against Plaintiff between 2012 and

16    2014, while she was employed at the Placer District Attorney's Office.  On

17    September 15, 2014, the Court ordered the two cases to be related.  Bjork II, ECF No. 9.

18    On October 9, 2014, Plaintiff filed Motions to Consolidate the two matters.  Bjork I, ECF

19    No. 21; Bjork II, ECF No. 13.  Additionally, Defendants have filed separate Motions to

20    Dismiss Bjork II (Bjork II, ECF Nos. 11, 12),[1] and County has filed a Motion to Vacate,

21    and/or Modify Pretrial Scheduling Order in Bjork I (Bjork I, ECF No. 20).  For the

22    following reasons, the Motions to Consolidate are GRANTED.  The remaining Motion to

23    Dismiss and Motion to Vacate are thus DENIED without prejudice as moot.[2]

24       Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before

25    the court involve a common question of law or fact," the Court may consolidate the

26

27

28

---

[1] The Commission's Motion to Dismiss the writ of mandamus claim (Bjork II, ECF No. 12) is addressed by separate memorandum and order of the Court.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1   actions.  In exercising the Court's discretion, the Court "weighs the saving of time and

2   effort consolidation would produce against any inconvenience, delay, or expense that it

3   would cause."  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  Consolidation

4   may occur upon motion or sua sponte, and district courts have broad discretion to grant

5   or deny consolidation.  In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

6        In its order relating the two matters, this Court found that Bjork I and Bjork II

7   contained common questions of law and fact and involved the same primary defendant;

8   namely, the County.  Bjork II, ECF No. 9.  In both actions, Plaintiff makes allegations

9   against the County and complains of gender discrimination and retaliation.  The main

10  difference between the actions is that Plaintiff alleges the adverse action was demotion

11  in Bjork I, and, in Bjork II, she claims the adverse action is her alleged subsequent

12  constructive discharge.

13       Now, Plaintiff moves for the two cases to be consolidated for trial purposes.  Yet,

14  she requests that the cases be kept separate, rather than merged into a single

15  proceeding, to avoid the reproduction of discovery that has already been conducted in

16  the original matter and to avoid lengthy dispositive motions.  Bjork II, ECF No. 13-1, at

17  4-5; Bjork II, ECF No. 25 at 2.  However, the Court finds this argument unconvincing.

18  Any additional discovery will be resolved in a new pretrial scheduling order that will

19  encompass the entire consolidated case.[3]  Neither the Court nor the parties will be

20  prejudicially burdened by litigating motions involving both matters in one single action.

21  To the contrary, the consolidation of the cases into one single operative pleading will

22  save substantial judicial time and resources and eliminate "unnecessary and duplicative

23  arguments" that pertain to both matters.  See Kong Meng Xiong v. City of Merced,

24  No. 1:13-cv-00083-SKO, 1:13-cv-00111-SKO, 2013 WL 5493388, at *8 (E.D. Cal. Oct. 1,

25  2013).

26  _____

27       [3] After consolidation, Plaintiff may seek a stipulation of the opposing party for additional
    depositions of parties already deposed related to the allegations set forth in Bjork II, or apply for leave of
28  the court for further discovery upon a properly noticed motion.

1    For the foregoing reasons, Plaintiff's Motions to Consolidate (Bjork I, ECF No. 21;

2   Bjork II, ECF No. 13) are GRANTED, and the two cases will proceed as a single action.

3   Case No. 2:14-cv-01983 is designated as the "master file."  Not later than thirty (30) days

4   following the date this Order of Consolidation is electronically filed, Plaintiff is directed to

5   file a Consolidated Complaint encompassing all claims she asserts against Defendants.

6   The Clerk of the Court is directed to administratively close Case No. 2:13-cv-01616.  The

7   pretrial scheduling order currently in effect in Case No. 2:13-cv-01616 (Bjork I, ECF No.

8   17) is VACATED, and Defendant County's Motion to Vacate and/or Modify Pretrial

9   Scheduling Order (Bjork I, ECF No. 20) is thus DENIED as moot.  County's Motion to

10  Dismiss (Bjork II, ECF No. 11) is DENIED without prejudice to being refiled following

11  submission of the Consolidated Complaint.   Finally, the parties are directed to file a

12  further joint status report for scheduling purposes in Case No. 2:14-cv-01983-MCE-EFB

13  not later than sixty (60) days following the date a Consolidated Complaint is filed.

14    IT IS SO ORDERED.

15  Dated:  April 23, 2015

16

17

18  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE

19  UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28