PLACER COUNTY COUNSEL'S OFFICE
David K. Huskey (SBN109329)
175 Fulweiler Avenue
Auburn, California 95603
Telephone:     (530) 889-4044
Facsimile:     (530) 889-4069

Attorneys for Defendant
**PLACER COUNTY DISTRICT ATTORNEY'S OFFICE**

JILL P. TELFER, (STATE BAR NO. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:     (916) 446-1726
Email: jtelfer@telferlaw.com

Attorneys for Plaintiff
**KARIN BJORK**

# UNITED STATES OF DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KARIN BJORK,**<br><br>　　　**Plaintiff,**<br>vs.<br><br>**COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 10, inclusive,**<br><br>　　　**Defendant.**<br>_____<br><br>**KARIN BJORK,**<br><br>　　　**Plaintiff,**<br>vs.<br><br>**COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 10, inclusive,**<br><br>　　　**Defendant.** | **Lead Case No. 2:14-cv-01983-MCE-EFB**<br>Case No. 2:13-cv-01616-MCE-EFB<br><br>**AMENDED STIPULATED SUPPLEMENTAL PROTECTIVE COURT ORDER REGARDING PRIVATE AND CONFIDENTIAL DOCUMENTS FOR THIRD-PARTY WITNESS** |

---

1

AMENDED Stipulated Supplemental Protective Court Order Regarding Private and Confidential Documents for Third-Party Witness

The parties, Plaintiff, KARIN BJORK ("Plaintiff") and Defendant, COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE ("Defendant"), by and through their respective counsel, hereby stipulate to entry of this Stipulated Supplemental Protective Order ("Supplemental Protective Order") with third party witness Suzanne Gazzaniga ("Third-Party") regarding personnel records and other confidential information of Plaintiff, Defendant, Third-Party, and other third parties, as set forth below ("PROTECTED INFORMATION"). This Supplemental Protective Order supplements, as to Suzanne Gazzaniga only, the Stipulation and Protective Court Order Regarding Private and Confidential Documents, Docket Entry No. 11 in this action ("Original Protective Order", a copy of which is attached hereto as Exhibit "1"), which Plaintiff and Defendant acknowledge shall also apply to Third-Party.  This stipulation is as follows:

1.	The following is added to the end of Section 1 of the Original Protective Order:

PROTECTED INFORMATION includes information related to employment files, including but not limited to: (1) performance evaluations, letters of commendation or recommendation; (2) information generated in the course of employment in a classified or confidential position to which the information is confidential as it relates to other employees; (3) confidentiality agreements; and (4) confidential information deemed confidential under other laws of the State of California.  The purpose of this agreement is to ensure that any information that falls within the category of PROTECTED INFORMATION shall be used only for purposes of the litigation and shall not be disclosed other than as expressly permitted.

2.	Section 2 of the Original Protective Order is amended as follows:

a.	Subsection (a) is amended as follows: "Attorneys representing Plaintiff, Defendant, and their employees;"

b.	Subsection (c) is amended as follows: "Any person from whom testimony is taken in this action, during the taking of that testimony, provided the person is not permitted to retain copies of the PROTECTED INFORMATION;"

c.	Subsection (d) is amended as follows: "The Court, subject to the procedures

2

set forth in paragraph 5 below;"

   d. Subsection (e) is stricken.

   e. A new subsection (e) is inserted as follows: "Any other persons as expressly permitted, in writing, by the party or Third-Party that designated the material as PROTECTED INFORMATION; and"

   f. A new subsection (f) is inserted as follows: "All persons in subsections (b), (c) and (e) above shall sign Exhibit A hereto before any PROTECTED INFORMATION is disclosed to them, and the party obtaining the signature must maintain the executed Exhibit A."

  3. The first sentence of Section 3 of the Original Protective Order is amended as follows: "A party may apply to the Court for a ruling that the PROTECTED INFORMATION is not entitled to such status and protection upon providing reasonable notice and opportunity to respond to the (i) opposing party, and (ii) Third-Party that designated the PROTECTED INFORMATION."

  4. Section 4 of the Original Protective Order is amended to add the following:

 (b) Third-Party or its counsel may also designate deposition transcripts, or portions thereof, as PROTECTED INFORMATION by notifying counsel for the parties of such designation within thirty (30) days of receipt of the deposition transcript ("the Review Period"). The entire transcript shall be treated as PROTECTED INFORMATION until the Review Period is complete.

  5. The first sentence of Section 5 of the Original Protective Order is amended as follows: "The PROTECTED INFORMATION and information contained therein may be offered into evidence at trial or in any hearing on this matter provided that the party who offers it into evidence provides reasonable notice and an opportunity to respond to the (i) opposing party, (ii) Third-Party that designated the PROTECTED INFORMATION, and (iii) person whose privacy right or confidentiality interest is affected, any of whom may thereupon request an order that the evidence be received in camera or under such other conditions to prevent unnecessary disclosure."

  6. Section 7 of the Original Protective Order is amended to add the following:

 (c) All documents and transcripts designated as PROTECTED INFORMATION by Third-Party or her counsel shall be returned to Third-Party or her counsel within sixty (60) days of the

1 conclusion of this action; provided, however, that counsel for the parties may each retain one (1)
2 copy of all documents and transcripts designated as PROTECTED INFORMATION for archival
3 purposes only, to be maintained in a matter so as to retain their confidentiality.

4       7.    The following Section 9 is added to the Original Protective Order:

5 Transcripts containing PROTECTED INFORMATION, shall include a list of all pages
6 (including line numbers as appropriate) that have been designated PROTECTED INFORMATION.
7 The parties shall inform the court reporter of these requirements.  The entire transcript shall be
8 treated as PROTECTED INFORMATION until the Review Period is complete.

9       8.    The following Section 10 is added to the Original Protective Order:

10 An inadvertent failure to designate does not waive protection under this Order.  Upon a
11 timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure
12 that the material is treated according to this Order.

13       9.    The following Section 11 is added to the Original Protective Order:

14 If a receiving party learns that, by inadvertence or otherwise, it has disclosed the
15 PROTECTED INFORMATION to any person or in any circumstance not authorized under this
16 Order, it must immediately (a) notify in writing, the person who designated the information or
17 document of the unauthorized disclosure; (b) use its best effort to retrieve all unauthorized copies of
18 the designated material; (c) inform the person to whom unauthorized disclosure was made of all the
19 terms of this Order; and (d) use reasonable efforts to have such person execute Exhibit A hereto.

20       10.    This Supplemental Protective Order shall continue in effect after the conclusion of
21 this action.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1 | **IT IS SO STIPULATED.**

2 | Dated:    May 27, 2016                    LAW OFFICES OF JILL P. TELFER
3 |                                           A Professional Corporation

4 |

5 |                                              /s/ *Jill P. Telfer*
                                                JILL P. TELFER
6 |                                           *Attorneys for Plaintiff*

7 | Dated:    May 27, 2016                    PLACER COUNTY COUNSEL'S OFFICE

8 |

9 |                                             /s/ *David K. Huskey*
                                               DAVID K. HUSKEY
10 |                                          *Attorneys for Defendant County of Placer*

11 | **IT IS SO ORDERED.**
             June
12 | Dated:   ~~May~~  2  , 2016

13 |                                           EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE

5

AMENDED Stipulated Supplemental Protective Court Order Regarding Private and Confidential Documents for Third-Party Witness

# **EXHIBIT A:**

# **AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Orders that were issued by the United States District Court for the Eastern District of California on January 8, 2014 (Docket No. 11) and on _____ [date and docket] in this case of *KARIN BJORK, Plaintiff, vs. COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 10, inclusive*, case number 2:13-cv-01616-MCE-EFB ("the Orders"). I agree to comply with the Orders and to be bound by all their terms, and I understand and acknowledge that failure to so comply could expose me to sanctions as a punishment for contempt.

I solemnly promise that I will not disclose in any manner any information or items that are subject to the Orders to any person or entity except in strict compliance with the Orders.

I further agree to submit to the jurisdiction of the united State District Court for the Eastern District of California for the purpose of enforcing the Orders, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature: _____

Witness or Notary:_____

317056042.1

---

6

AMENDED Stipulated Supplemental Protective Court Order Regarding Private and Confidential Documents for Third-Party Witness

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

AMENDED Stipulated Supplemental Protective Court Order Regarding Private and Confidential Documents for Third-Party Witness

|  | |
|---|---|
| 1 | PLACER COUNTY COUNSEL'S OFFICE |
| 2 | David K. Huskey (SBN109329) |
|   | 175 Fulweiler Avenue |
| 3 | Auburn, California 95603 |
|   | Telephone: (530) 889-4044 |
| 4 | Facsimile: (530) 889-4069 |
| 5 | Attorneys for Defendant |
|   | **PLACER COUNTY DISTRICT ATTORNEY'S OFFICE** |


PLACER COUNTY COUNSEL'S OFFICE
David K. Huskey (SBN109329)
175 Fulweiler Avenue
Auburn, California  95603
Telephone:   (530) 889-4044
Facsimile:    (530) 889-4069

Attorneys for Defendant
**PLACER COUNTY DISTRICT ATTORNEY'S OFFICE**

JILL P. TELFER, (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:      (916) 446-1726
Email: jtelfer@telferlaw.com

Attorneys for Plaintiff
**KARIN BJORK**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN BJORK, | Case No.  2:13-cv-01616-MCE-EFB |
| Plaintiff, | **STIPULATION AND PROTECTIVE COURT ORDER REGARDING PRIVATE AND CONFIDENTIAL DOCUMENTS** |
| vs. | |
| COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 10, inclusive, | |
| Defendants | |

The parties hereto, being Plaintiff KARIN BJORK and Defendant COUNTY OF PLACER THE DISTRICT ATTORNEY'S OFFICE, by and through their respective counsel, hereby stipulate to entry of a protective order regarding personnel records of Plaintiff and third parties.  This stipulation is as follows:

1

STIPULATION AND PROTECTIVE ORDER

1. These documents are protected by the right of privacy. The information to be covered by this Stipulation and Protective Order and shall hereinafter be referred to as the "PROTECTED INFORMATION."

2. Except with the prior written consent of defendants, any of the PROTECTED INFORMATION may not be disclosed to any person with the following exceptions only:

(a) Attorneys representing plaintiff and their employees;

(b) Any person not employed by plaintiff who is expressly retained by any attorney described in paragraph 2(a) to assist in trial preparation;

(c) Any person of whom testimony is taken or to be taken in this action;

(d) The Court, subject to the procedures set forth in paragraph 6 below.

(e) A copy of this Stipulation and Protective Order shall be delivered by counsel for plaintiffs to each person, expert, agent, representative or consultant who is permitted by defendants to view, examine, pursue or otherwise inspect the PROTECTED INFORMATION or any part of it, or copies lists or summaries thereof, in connection with this litigation. Such persons shall also execute a document containing a recital signifying his or her understanding of the terms of the Stipulation and Protective Order, that said person agrees to be bound by it and to submit to the jurisdiction of the United States District Court, Eastern District of California, for purposes of enforcement of this Stipulation.

3. A party may apply to the Court for a ruling that the PROTECTED INFORMATION is not entitled to such status and protection upon providing reasonable notice and opportunity to respond to the opposing party. This stipulated protective order does not require the production of information, a party deems especially sensitive or personnel information. This stipulated protective order does not require the production of information that a party deems especially sensitive. If such

2
STIPULATION AND PROTECTIVE ORDER

a stipulation arises, then either party may seek further orders from the Court as they deem necessary.

4. A deponent may, during a deposition, be shown and examined concerning the PROTECTED INFORMATION subject to the following procedures:

    (a) Within 24 days after receiving a transcript of such deposition, information or documents within the deposition transcript which plaintiff or defendants believe is entitled to protection may mark the pages by writing "confidential" at the top of each page containing confidential information. If this procedure is not followed, then none of the transcript or exhibits thereto shall be treated as confidential or subject to protection pursuant to this order.

5. The PROTECTED INFORMATION and information contained therein may be offered into evidence at trial or in any hearing on this matter provided that the party designated to offer it gives reasonable advanced notice to the other party, who may thereupon request an order that the evidence be received in camera or under such other conditions to prevent unnecessary disclosure. The Court will thereupon determine whether the proper evidence shall continue to be treated as confidential information pursuant to this Order, and, if so, what protection should be afforded such information at trial or the hearing.

6. Persons entitled to access to the PROTECTED INFORMATION and information contained therein pursuant to this Order shall use such document and information only for preparation and trial of this action, including appeals and retrials. It is expressly agreed and understood that nothing in this Order shall be deemed a waiver of either party's rights to oppose discovery on grounds other than it constitutes, contains or seeks confidential information.

7. At the conclusion of this action, whether by final judgment (after exhaustion of all appeals), settlement or otherwise, the following steps shall be taken:

        (a)    Within a reasonable time not to exceed ninety (90) days after the conclusion of the action, counsel of record for plaintiff shall collect and return to defendant the PROTECTED INFORMATION, and all copies;

        (b)    Counsel for defendants shall be responsible for collecting such documents from any and all experts, consultants, witnesses, attorneys and employees of defendants, as well as any other persons to whom such documents were provided by defendant or his attorney.

8.    This stipulation shall continue in effect after the conclusion of this action.

**IT IS SO STIPULATED.**

Dated: January 2, 2014　　　　　　　　　　　**LAW OFFICES OF JILL P. TELFER**
　　　　　　　　　　　　　　　　　　　　　　A Professional Corporation

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jill P. Telfer* _____
　　　　　　　　　　　　　　　　　　　　　　JILL P. TELFER
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

Dated: January 2, 2014　　　　　　　　　　　**PLACER COUNTY COUNSEL'S OFFICE**

　　　　　　　　　　　　　　　　　　　　　　*/s/ David K. Huskey* _____
　　　　　　　　　　　　　　　　　　　　　　DAVID K. HUSKEY
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant County of Placer

IT IS SO ORDERED.

Dated: January 8, 2014.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE